IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL A. COLÓN-CABRERA,<br><br>      Plaintiff<br><br>      v.<br><br>ESSO STANDARD OIL COMPANY (PUERTO RICO), et al.,<br><br>      Defendants | CIVIL NO. 09-2032 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion requesting leave for voluntary dismissal (**No. 63**), Defendant Esso Standard Oil Co.'s response (No. 75), and Plaintiff's reply (No. 80). For the reasons stated herein, the Court hereby **GRANTS** Plaintiff's motion for voluntary dismissal. This case is hereby **DISMISSED** with prejudice and with the imposition of costs, expenses and attorney's fees.

By way of background, Plaintiff Manuel A. Colón-Cabrera ("Cabrera") filed the instant complaint on October 6, 2009 pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a)(1)(A) and 6972(a)(1)(B) against Defendants Esso Standard Oil Co. (Puerto Rico) ("Esso"), Environmental Resource Technologies Corp. ("ERTEC") and José Carlos Agrelot-Peña ("Agrelot"). Defendants ERTEC and Agrelot are no longer parties to this case.

CIVIL NO. 09-2032(JP)          -2-

    Among other claims, Plaintiff Cabrera alleged that at all times relevant to the complaint Esso and/or Exxon Mobil Company ("Exxon") were the owners and/or operators of the gasoline, diesel underground storage tanks and servicing equipment in the Esso Service Station located at Road No. 2, Km. 29 in the Municipality of Vega Alta, Puerto Rico (the "Station").  Plaintiff alleged that Defendant Esso knew about gasoline leaks from the Station's underground storage tanks and product lines since at least 1983, and that Esso knew about the disposal of used oil and grease onto the ground of the Station since at least 1978.  Plaintiff alleged that the contamination has caused considerable damage to his property and that the contamination has remained unreported and unabated.

    On March 16, 2011, Plaintiff filed the instant motion requesting the voluntary dismissal of the complaint.  Plaintiff states that Defendant Esso agreed to clean up the existing contamination on the property.  Plaintiff claims that at the time he filed the complaint there was a controversy over whether Esso intended to clean up the contamination on Plaintiff's property, and that there was "perhaps" a "miscommunication" between Esso and Plaintiff's former environmental expert over access to the property.  Plaintiff denies that he has ever refused Esso access to the property to clean up the contamination. Plaintiff requests that the dismissal be without the imposition of costs, expenses and attorney's fees arguing that

CIVIL NO. 09-2032(JP)             -3-

Plaintiff has not brought a frivolous litigation and/or unnecessarily extended it. In his reply, Plaintiff specifies that he seeks dismissal of the complaint without prejudice. However, in his motion for voluntary dismissal, Plaintiff did not request that dismissal be without prejudice.

The Court ordered the parties to file the terms of their agreement with the Court (No. 64). On April 5, 2011, the parties informed the Court (No. 67) that they were continuing their negotiations in an attempt to reach a settlement and were cautiously optimistic that such an agreement could be reached to put an end to all the legal disputes between them. The parties requested an extension of time to either inform the Court of such an agreement or for Esso to submit its response to Plaintiff's request for voluntary dismissal. On April 20, 2011, Defendant filed a motion stating that Plaintiff had rejected Esso's settlement offer (No. 69). On April 26, 2011, Plaintiff filed a motion to convert the upcoming Initial Scheduling Conference into a settlement conference because there was a "strong possibility" that the parties could settle (No. 73).

A settlement conference was held on May 12, 2011. At said conference, Defendant made an offer to settle the case; however, Plaintiff did not agree to the compensation or the terms of the agreement (No. 81). The Court gave the parties an additional term

CIVIL NO. 09-2032(JP)        -4-

of five (5) days to continue settlement negotiations. The Court set the dates for the pretrial conference and jury trial for June 6, 2011 and June 20, 2011, respectively.

On May 18, 2011, Plaintiff requested an extension of time (No. 82) because the settlement negotiations had improved. The Court granted Plaintiff this extension. On May 24, 2011 (No. 84), Plaintiff stated that he had accepted the monetary compensation offered by Defendant but that the parties were "fine tuning" the terms of the agreement. Finally, after the Court entered an order requiring the parties to inform the Court of the status of the settlement negotiations, Plaintiff again filed a motion (No. 88) stating that the parties were still fine tuning the terms of the settlement and requesting that the pretrial conference be converted into another settlement conference. This was denied (No. 90).

On June 6, 2011, a hearing was held and the parties attempted to settle the case. Plaintiff's attorney stated that he would consult his client and a further settlement conference was scheduled for June 7, 2011. On June 7, 2011, Plaintiff's attorney informed the Court that Plaintiff did not agree to the terms of the settlement. Thereafter, Defendant requested that Plaintiff's motion (No. 63) for voluntary dismissal be granted with prejudice and with the imposition of costs. Plaintiff requested that dismissal be without prejudice and without the imposition of costs or attorney's fees.

CIVIL NO. 09-2032(JP)          -5-

> Federal Rule of Civil Procedure 41(a)(2) provides that:
>
> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The First Circuit has stated that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)). The district court has the responsibility to ensure that such prejudice will not occur. Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000). In deciding whether to allow the voluntary dismissal, courts generally consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Urohealth Systems, 216 F.3d at 160. The Court need not consider each factor. Id.

In the instant case, Defendant does not oppose Plaintiff's request for voluntary dismissal, but it requests that the dismissal

CIVIL NO. 09-2032(JP)          -6-

be with prejudice and with the imposition of costs and attorney's fees.

After considering the arguments of the parties and pursuant to Rule 41(a)(2), the Court will dismiss Plaintiff's complaint with prejudice. The Court will also award costs and attorney's fees to Defendant. As discussed above, Plaintiff has been given numerous opportunities to settle this case. The Court granted Plaintiff several extensions to negotiate the terms of the settlement, and Plaintiff has refused to do so. The Court has taken into account Defendant's efforts and expenses in preparing this case for trial and in offering to settle, as well as, the costs associated with Plaintiff's repeated delays in deciding whether to settle.

Accordingly, for the reasons stated herein, the Court hereby **GRANTS** Plaintiff's motion for voluntary dismissal. The Court will enter a separate judgment dismissing with prejudice Plaintiff's claims against Defendant. The Court hereby awards attorney's fees and costs to Defendant.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June, 2011.

                                                         s/José Antonio Fusté
                                                           JOSÉ ANTONIO FUSTÉ
                                             UNITED STATES DISTRICT JUDGE